In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1834

United States of America,

Plaintiff-Appellee,

v.

Pedro Lopez-Flores,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 CR 911--Suzanne B. Conlon, Judge.

Submitted November 21, 2001--Decided December 28, 2001

Before Posner, Manion, and Rovner, Circuit Judges.

Posner, Circuit Judge.  The defendant's lawyer has filed a motion to withdraw supported by an Anders brief; we can grant the motion if but only if there are no nonfrivolous grounds for appeal, that is, if the appeal is "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir. 1993). All but one of the grounds discussed, and rightly asserted to be frivolous, in the Anders brief are discussed in our unpublished order issued today; this published opinion is confined to the one ground on which there is no circuit or Supreme Court precedent. But as we explained in Eggen, and should anyway be obvious, a ground of appeal can be frivolous even if there is no case on point--may be obviously frivolous because, for example, of the clarity of statutory language, or even as a matter of common sense.

The defendant received a longer sentence than he otherwise would have, because he committed the offense of conviction (being found in the United States after having been deported because of an aggravated felony conviction in 1994 for lewd acts involving children, 8 U.S.C. sec. 1326(a)) while on parole and within ten years of a previous conviction.

U.S.S.G. sec.sec. 4A1.1(c), 1.1(d), 1.2(e). The indictment charged him with being found in the United States on November 7, 2000, and this was both after his parole ended and more than ten years after the previous conviction. But the district court ruled that the "found in" offense began when he reentered the United States illegally, which took place sometime before April 1999--a time when he was still on parole and within ten years of the previous conviction.

All the courts to address the question have held that at least in the case of surreptitious reentry, as in this case, the "found in" offense is first committed at the time of the reentry and continues to the time when he is arrested for the offense. United States v. Castrillon-Gonzalez, 77 F.3d 403, 405-06 (11th Cir. 1996); United States v. Reyes-Nava, 169 F.3d 278, 279-80 (5th Cir. 1999) (per curiam); United States v. Reyes-Pacheco, 248 F.3d 942, 946 (9th Cir. 2001); United States v. Gomez, 38 F.3d 1031, 1034-35 (8th Cir. 1994). This is clearly correct. Section 1326(a) punishes entering, attempting to enter, and being found in the United States after being deported. We think "found in" must have the force of "present in" rather than "discovered by the INS to be in." The date of discovery has no significance so far as culpability is concerned, though it may bear on the running of the statute of limitations. See United States v. Gomez, supra, 38 F.3d at 1035. It would be passing odd to say that Lopez had violated the statute when he entered but then was free of further criminal culpability until he was discovered by the INS.

Affirmed.