**UNITED STATES of America,
Appellee,**

v.

**Warren CUNNINGHAM, Appellant.**

No. 03–3047.

United States Court of Appeals,
District of Columbia Circuit.

March 19, 2004.

Roy Wallace McLeese, III, Thomas Sinclair Rees, John Robert Fisher, Matthew G. Olsen, Assistant U.S. Attorneys, Roscoe Conklin Howard, Jr., U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Gregory Bruce English, English & Smith, Alexandria, VA, for Defendant–Appellant.

Before GINSBURG, Chief Judge, and RANDOLPH and ROBERTS, Circuit Judges.

### JUDGMENT

PER CURIAM.

This cause was considered on the record from the United States District Court and on the briefs of the parties. It is

ORDERED AND ADJUDGED that the sentence imposed by the district court be affirmed. Cunningham contends the court erred because it did not *sua sponte* convene an evidentiary hearing regarding the Government's proposed two-level sentence enhancement for obstruction of justice. Because Cunningham neither requested an evidentiary hearing nor objected to the court's failure to hold an evidentiary hearing, we review the sentence imposed by the district court only for plain error. *See United States v. Mendez–Cruz,* 329 F.3d 885, 886 (D.C.Cir.2003). We may vacate the sentence only if there is (1) an error (2) that is plain, which (3) "affects substantial rights" of the defendant, and (4) which "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States,* 520 U.S. 461, 462, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *see United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

The district court did not err; it was well within its broad discretion to decide whether the sentence enhancement was warranted based upon the evidence in the affidavits and submissions of both parties, without holding an evidentiary hearing. *See United States v. Rodriguez,* 336 F.3d 67, 70 (1st Cir.2003); *United States v. Berndt,* 127 F.3d 251, 257 (2d Cir.1997); *United States v. Gaviria,* 116 F.3d 1498, 1527 (D.C.Cir.1997). Furthermore, even if there was an error it was not "plain error" because the need for an evidentiary hearing was not "obvious" to the district court given the evidence and the arguments before it. *See United States v. Washington,* 115 F.3d 1008, 1010 (D.C.Cir.1997) ("[E]ven for sentencing, 'obvious' means obvious; the district court is not required to have second-sight"). Nor did any error affect Cunningham's substantial rights; Cunningham has made no showing he was actually prejudiced by the failure to hold an evidentiary hearing. *See Johnson,* 520 U.S. at 462; *Olano,* 507 U.S. at 732.

In light of the record as a whole—the submissions of the parties, the documentary evidence, and the oral argument before the district court—that court was justified in enhancing Cunningham's sentence for obstruction of justice.

2

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.