**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Johnny CRUZ–MATA, Defendant–Appellant.**

No. 04–1593.

United States Court of Appeals, Seventh Circuit.

Submitted June 24, 2004.

Decided June 24, 2004.

18

Gayle Littleton, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Johnny Cruz–Mata, Beaumont, TX, pro se.

Before CUDAHY, POSNER, and WILLIAMS, Circuit Judges.

## ORDER

Johnny Cruz–Mata was deported to Mexico in August 2000 because he committed an aggravated felony. Within a few days, he reentered the United States without the Attorney General's permission. He was apprehended three years later and charged with being illegally present in the United States after deportation, in violation of 8 U.S.C. § 1326(a). After entering a blind plea of guilty, he was sentenced to 57 months' imprisonment and two years' supervised release. He filed a notice of appeal, but his appointed lawyer now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Cruz–Mata was notified that he could respond to the *Anders* brief, but he did not do so. Because counsel's brief is facially adequate, we review only the potential issues it identifies. *See United States v. Johnson,* 248 F.3d 655, 667—68 (7th Cir.2001); *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first considers whether Cruz–Mata could argue that his guilty plea was not knowing and voluntary because the district court failed to fully comply with Federal Rule of Criminal Procedure 11. We have held that counsel generally should not raise a Rule 11 argument on appeal, or even explore the question in an *Anders* submission, unless the defendant wants to set his plea aside. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). Counsel does not indicate whether Cruz–Mata has expressed such a desire, *see United States v. Maeder,* 326 F.3d 892, 894 (7th Cir.2003), but concludes in any event that the district court substantially complied with the requirements

of Rule 11. We ourselves note one omission from the change-of-plea colloquy: although the district court told Cruz–Mata that the maximum penalty for his offense was 20 years' imprisonment and a $250,000 fine, the court did not inform him that he could receive a term of supervised release. *See* Fed.R.Crim.P. 11(b)(1)(H) (2003). But the omission was harmless because the prison term actually imposed (57 months) plus the amount of supervised release (two years) did not exceed the maximum allowable prison term. *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir.2002). We therefore agree with counsel that it would be frivolous to argue that Cruz–Mata's guilty plea was involuntary.

■ Counsel next asks whether Cruz–Mata could challenge his prison sentence. At 57 months, the term was at the low end of the guideline range determined by the district court. Cruz–Mata's only objection to that determination concerned the court's calculation of his criminal history category. The court found that Cruz–Mata had eight criminal history points, yielding a criminal history category of IV. One of those points was added under U.S.S.G. § 4A1.1(e) because Cruz–Mata commenced his current offense within two years of his release from an earlier prison sentence. Another point was added under § 4A1.2(d)(2)(B) for a juvenile probation sentence imposed within five years of commencement of his current offense. Objecting to these points,[1] Cruz–Mata argued that the date of his current offense was August 23, 2003—the date on which he was found illegally present in the United States—and that this date was more than two years after he completed his prison sentence and more than five years after he received his juvenile probation sentence. The court, however, relying on our decision in *United States v. Lopez–Flores*, 275

F.3d 661, 663 (7th Cir.2001), held that the relevant date from which to calculate the two- and five-year periods was August 2000, when Cruz–Mata originally reentered the country after deportation. Counsel concludes, and we agree, that it would be frivolous to argue that this determination was erroneous.

The third potential issue counsel identifies concerns the district court's denial of Cruz–Mata's request for a downward departure on the ground that his criminal history category "substantially over-represents the seriousness" of his criminal history. *See* U.S.S.G. § 4A1.3. Counsel correctly observes that we do not have jurisdiction to review a discretionary denial of a motion for downward departure, unless the district court judge failed to recognize his authority to grant the motion. *See Schuh*, 289 F.3d at 974. Counsel notes that the judge in this case acknowledged his authority to depart downward under § 4A1.3, but concluded that Cruz–Mata's criminal history was not in fact substantially over-represented by his criminal history category of IV. The court explained that although many of Cruz–Mata's prior convictions were for offenses committed when he was still a minor, several of those offenses involved violence, and the court was not convinced that Cruz–Mata was unlikely to commit crimes in the future, and so denied the motion. Because we lack jurisdiction to review that decision, it would be frivolous to challenge it on appeal.

Finally, counsel discusses whether Cruz–Mata could present an argument based on ineffective assistance of trial counsel. But such a contention is better reserved for a collateral proceeding where the record can be more fully developed, *see, e.g., Massaro v. United States*, 538

---

1. Counsel's brief suggests three points were in dispute. The record shows only two.

U.S. 500, 506, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), especially given that Cruz–Mata has the same counsel on appeal as he did in the district court, *United States v. Rezin,* 322 F.3d 443, 445 (7th Cir.2003).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.