UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

VICTOR WALDEMAR HOENES-DE LA CRUZ,

*Defendant-Appellant.*

No. 04-4165

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-03-102)

Submitted: September 1, 2004

Decided: September 20, 2004

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Randy V. Cargill, MAGEE, FOSTER, GOLDSTEIN & SAYERS,
P.C., Roanoke, Virginia, for Appellant. John L. Brownlee, United
States Attorney, Jennie L. M. Waering, Assistant United States Attor-
ney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Victor Waldemar Hoenes-De La Cruz, a citizen of Guatemala, was most recently deported in 1991. In July 2000, Hoenes-De La Cruz was convicted of credit card theft and statutory burglary in Fairfax, Virginia, and sentenced to four years incarceration. He was subsequently charged with being found in the United States on October 5, 2001, in the correctional facility at Staunton, Virginia, without having requested or received permission to reenter the country. Hoenes-De La Cruz pled guilty to this federal offense in December 2003. He was sentenced to a term of fifty months imprisonment and appeals his sentence, contending that the district court erred in computing his criminal history. *U.S. Sentencing Guidelines Manual* §§ 4A1.1, 4A1.2 (2003). We affirm.

In the district court, Hoenes-De La Cruz objected unsuccessfully to the assignment of three criminal history points for his 1983 sentence of four years imprisonment for burglary and two points for his 1990 sentence of one year in jail and three years probation for sale or transportation of a controlled substance. He argued that the 1983 sentence was imposed more than fifteen years before he commenced the instant offense and the 1990 sentence was imposed more than ten years before he commenced the instant offense, and thus, in his view, both sentences were outside the applicable time periods set out in § 4A1.2(e)(1) and (2).* He asserted that the instant offense was committed on October 5, 2001, the date in the indictment. He argued that,

---

*Guideline § 4A1.2(e) (1)-(2) provides that any prior sentence of imprisonment over a year and a month is counted if it was imposed within fifteen years of the commencement of the instant offense or resulted in the defendant being confined within any part of the fifteen-year period. Any other sentence is counted if it was imposed within ten years of the commencement of the instant offense.

if he committed the instant offense in 1991 when he reentered the country illegally, the five-year statute of limitations would have run by October 5, 2001, the date charged in the indictment. Hoenes-De La Cruz also contested the two criminal history points assigned to him under § 4A1.1(d) for having committed the instant offense while under a sentence of probation, and the additional point assessed under § 4A1.1(e) for having committed the instant offense less than a year after his release from confinement in April 1991. He argued that criminal history points could not be assessed under § 4A1.1(d) or (e) because those subsections state that the defendant must have "committed the instant offense" while under a criminal justice sentence or less than two years after his release from custody, rather than referring to "commencement of the instant offense," as § 4A1.2(e) does.

The district court determined that all eight contested criminal history points were correctly assigned. Because the court's ruling was based on undisputed facts, it is a legal ruling subject to de novo review. *United States v. Butner*, 277 F.3d 481, 488 (4th Cir.), *cert. denied*, 536 U.S. 932 (2002).

An alien may violate 8 U.S.C. § 1326(a) by unlawfully (1) entering, (2) attempting to enter, or (3) being "found" in the United States. *United States v. Mercedes*, 287 F.3d 47, 54 (2d Cir.), *cert. denied*, 537 U.S. 900 (2002); *see also United States v. Mendez-Cruz*, 329 F.3d 885, 889 (D.C. Cir. 2003) (§ 1326(a) creates three distinct offenses) (citing *United States v. Pacheco-Medina*, 212 F.3d 1162, 1165 (9th Cir. 2000)). The statute of limitations begins to run when the offense is complete. *Mercedes*, 287 F.3d at 54. Although the offense of illegal reentry may be complete when it occurs, when the entry is surreptitious, the "found in" offense "'is first committed at the time of the reentry and continues to the time when the defendant is arrested for the offense.'" *United States v. Ruiz-Gea*, 340 F.3d 1181, 1189 (10th Cir. 2003) (quoting *United States v. Lopez-Flores*, 275 F.3d 661, 663 (7th Cir. 2001)). In light of these decisions, we are persuaded that the district court did not err in deciding that Hoenes-De La Cruz initiated the instant offense when he unlawfully reentered the United States in 1991 and that criminal history points were correctly awarded for the sentences he received in 1983 and 1990.

Application Notes 4 and 5 to § 4A1.1 state that criminal history points should be added under subsections (d) and (e) "if the defendant

committed any part of the instant offense (*i.e.*, any relevant conduct)" while under a criminal justice sentence or less than two years after release from confinement. When a defendant has been convicted of being found in the United States after deportation, unlawful reentry is relevant conduct; it is an "act committed during the offense of being found in the United States because that offense is a continuing violation that commences with the illegal entry." *Mendez-Cruz*, 329 F.3d at 889. As before, the district court correctly determined that Hoenes-De La Cruz initiated the instant offense when he unlawfully reentered the United States in 1991 and criminal history points were properly assigned under § 4A1.1(d) and (e).

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*