NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 17, 2010
Decided March 19, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3450

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 09-CR-47-C-01 |
| NAVOR FRAGOZO-SOTO, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

Navor Fragozo-Soto pleaded guilty to being in the United States without permission after being deported. *See* 8 U.S.C. § 1326(a). He appeals, but his appointed lawyer believes the case is frivolous and seeks leave to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Fragozo-Soto did not respond to counsel's motion. *See* CIR. R. 51(b). The lawyer's supporting brief is facially adequate, so we confine our review to the potential issues she has identified. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Fragozo-Soto first entered the United States from Mexico in 1982. He was deported twice in 1996 and again in 2003, and by the time of the third removal he had incurred three felony convictions in Arizona. Fragozo-Soto was arrested in Wisconsin in March 2009 after committing a traffic violation, which brought him to the attention of immigration authorities.

At sentencing Fragozo-Soto objected to the probation officer's conclusion that he commenced the § 1326(a) violation in 2003. The probation officer detailed employment and arrest records evidencing a continuous presence in the United States at least since October 2003. But at sentencing defense counsel told the district court that her client had returned to Mexico in late 2005 and did not cross the border again until January 2006. Fragozo-Soto did not submit any evidence to support the lawyer's representation, and yet the government responded that it could not disprove counsel's statement. So the district court concluded that Fragozo-Soto had last entered the United States illegally—and thus commenced *this* § 1326(a) violation—in January 2006, not October 2003.

In addition Fragozo-Soto personally disputed two criminal-history points that were assessed by the probation officer under U.S.S.G. § 4A1.1(b) for a 1993 felony conviction in Arizona for attempting to sell cocaine. Fragozo-Soto initially had received three years' probation, but in March 1996 his probation was revoked. After that he served three months in prison before his probation was reinstated. Fragozo-Soto wanted his lawyer to argue that the conviction was too old to count for criminal-history points because it was incurred more than 10 years before January 2006, which, according to the district court, was when he commenced this offense. *See* U.S.S.G. § 4A1.2(e)(2). Defense counsel informed the court, however, that she disagreed with the position Fragozo-Soto wanted her to advocate, and the district court overruled the objection. The court reasoned that the conviction was countable because the term of probation ultimately ran through 1999, less than 10 years before January 2006.

In light of that ruling, the district court assigned Fragozo-Soto eight criminal-history points, which placed him in a criminal-history category of IV. The court then adopted the probation officer's recommended offense level of 13, which yielded a guidelines imprisonment range of 24 to 30 months. The district court imposed a term of 24 months.

On appeal Fragozo-Soto does not wish to challenge his guilty plea, so counsel properly refrains from examining the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). According to counsel there are two potential issues: whether it was error to give Fragozo-Soto two criminal-history points for his 1993 conviction and whether 24 months is a reasonable sentence. Both contentions, says counsel, would be frivolous. As for the two criminal-history points, counsel agrees with the district court that the extension of Fragozo-Soto's probation into 1999 means that the sentence falls within 10 years of when he commenced the § 1326(a) violation in January 2006.

But counsel is mistaken. When, as here, an adult sentence of imprisonment of at least 60 days but not more than 13 months is imposed on revocation of a term of probation, application of the 10-year reach of § 4A1.1(b) is based on the date the sentence was originally imposed, not the date the sentence expires. U.S.S.G. § 4A1.1 cmt. n.2; *id.* §§ 4A1.2(e), (k)(2)(B)(iii); *United States v. Arviso-Mata*, 442 F.3d 382, 385 (5th Cir. 2006). Because this sentence was originally imposed in 1993, more than 10 years before January 2006, counsel could argue that Fragozo-Soto should not have received criminal-history points. And if he had not received those two points, his criminal-history category would have been III, and his imprisonment range would have dropped to 18 to 24 months.

Nonetheless we agree with counsel's conclusion that an appeal based on this issue would be frivolous. We may put aside that defense counsel (the same lawyer represents Fragozo-Soto in this court) overlooked the argument at sentencing and thus forfeited the claim. *See United States v. Jaimes-Jaimes*, 406 F.3d 845, 848 (7th Cir. 2005); *United States v. Richardson*, 238 F.3d 837, 841 (7th Cir. 2001). The greater hurdle for Fragozo-Soto is that he could not benefit from resentencing because his offense level was miscalculated in his favor and would be revised upward on remand. A violation of § 1326(a) produces a base offense level of 8, *see* U.S.S.G. § 2L1.2(a), which is increased by the greatest of several specific offense characteristics, *see id.* § 2L1.2(b)(1). Even if Fragozo-Soto's 1993 conviction should not have counted in his criminal-history calculation, that offense still should have increased his offense level by 12 because it is a felony drug-trafficking crime for which he received a sentence of 13 months or less. *See id.* § 2L1.2(b)(1)(B); *United States v. Olmos-Esparza*, 484 F.3d 1111, 1114 (9th Cir. 2007); *United States v. Torres-Duenas*, 461 F.3d 1178, 1181-82 (10th Cir. 2006); *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1311-15 (11th Cir. 2005); *United States v. Gonzalez*, 112 F.3d 1325, 1330-31 (7th Cir. 1997). Yet instead of a 12-level increase, the probation officer recommended, and the district court imposed, an 8-level increase under § 2L1.2(b)(1)(C) for a different, non-drug conviction that qualified as an aggravated felony. After factoring in a 3-level reduction for acceptance of responsibility, Fragozo-Soto's total offense level should have been 17, not 13. So even with a corrected criminal-history category of III, his imprisonment range of 30 to 37 months would exceed the range of 24 to 30 months calculated by the district court. And since the court emphasized Fragozo-Soto's "blatant disregard" for the immigration laws and gave no hint that it was inclined to sentence him below the guidelines range, we would conclude that the error in calculating the criminal-history category is harmless. *See United States v. Abbas*, 560 F.3d 660, 667 (7th Cir. 2009); *United States v. Anderson*, 517 F.3d 953, 965-66 (7th Cir. 2008).

Moreover, we would be skeptical about the district court's conclusion that the § 1326(a) offence commenced in January 2006 rather than October 2003. The drug conviction was incurred in November 1993, and thus it would count under the 10-year rule

if we accept the probation officer's view that the § 1326(a) violation commenced in October 2003. Fragozo-Soto's contention that he left the United States in 2005 and returned in January 2006 rests entirely on counsel's statement at sentencing and finds no evidentiary support in the record. A defense attorney's representation is not evidence, *see United States v. Diaz*, 533 F.3d 574, 578 (7th Cir. 2008); *United States v. Swanson*, 483 F.3d 509, 513 (7th Cir. 2007), so, in fact, the probation officer's evidence and conclusion was unrebutted, *see United States v. Mays*, 593 F.3d 603, 608 (7th Cir. 2010) (explaining that more than "a bare assertion of inaccuracy" is necessary for defendant to meet his burden of establishing that presentence report is inaccurate or unreliable); *United States v. Heckel*, 570 F.3d 791, 795-96 (7th Cir. 2009) (explaining that objection to presentence report must create "real doubt" about report's reliability before government will "have the burden of independently demonstrating the accuracy of the information").

And even if Fragozo-Soto *had* produced sufficient evidence that he left the United States in late 2005 and returned in January 2006, it is an open question whether the time he spent in this country between his 2003 reentry and his return to Mexico in 2005 might nevertheless be relevant conduct to this offense. *See United States v. Lopez-Flores*, 275 F.3d 661, 663 (7th Cir. 2001). Fragozo-Soto received a traffic ticket in Arizona in November 2005 and was fined in mid-December, so at most he spent a few weeks outside the United States before returning in January 2006. And that brief period was his only absence from the United States over the past 6½ years. "It would be passing odd" if Fragozo-Soto could simply take a brief holiday in Mexico with no intention of staying there and thus avoid any repercussions arising from the prior time he spent illegally in the United States. *See id.*

Finally, we agree with counsel that challenging the reasonableness of Fragozo-Soto's prison sentence would be frivolous. As we explained above, we would likely find that his 24-month sentence was below his properly calculated guidelines range. We do not think he could overcome the presumption of reasonableness that attaches to a below-guidelines sentence. *See United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009).

We GRANT counsel's motion to withdraw and DISMISS Fragozo-Soto's appeal.