NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 5, 2010[*]
Decided November 24, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2923

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> CONSTANTIN PALANCEANU, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 07-cr-862-10 <br><br> Matthew F. Kennelly, <br> *Judge*. |

**O R D E R**

Constantin Palanceanu was among several defendants charged in relation to an Internet fraud scheme. He pleaded guilty to one count of wire fraud and was sentenced to thirty months' imprisonment. Palanceanu filed a timely notice of appeal, but his appointed

---

[*] This appeal is successive to Appeal Nos. 08-2378, 08-3226, and 08-3238 and has been submitted to this panel under Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

counsel has moved to withdraw, having concluded that an appeal would be frivolous. Counsel's motion is supported by a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967). Palanceanu was notified of counsel's submission and advised that he could respond, see Cir. R. 51(b), but he has not done so.

We review only the potential issues identified in counsel's facially adequate brief, *see United States v. Fuller*, 532 F.3d 656, 664 (7th Cir. 2008), and grant the motion only if there are no nonfrivolous grounds for appeal, *United States v. Lopez-Flores*, 275 F.3d 661, 662 (7th Cir. 2001).

Counsel first considers whether an issue could be raised with regard to Palanceanu's guilty plea. Counsel's brief indicates that he wrote Palanceanu, asking whether he wanted to withdraw his guilty plea, and Palanceanu did not respond. Thus, there is no indication that Palanceanu wants to withdraw his guilty plea. Counsel correctly declines to raise any possible challenges to the sufficiency of the plea or compliance with Federal Rule of Criminal Procedure 11.

Counsel next considers whether Palanceanu could challenge the factual findings under the Sentencing Guidelines, specifically that the loss amount was between $200,000 and $400,000, that Palanceanu was a minor participant in the offense, and that a substantial part of the fraud scheme was committed outside the United States. We review the district court's factual findings for clear error. *United States v. Alaka*, 614 F.3d 368, 371 (7th Cir. 2010). A finding of fact is clearly erroneous "if, based upon the entire record, 'we are left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *United States v. Carani*, 492 F.3d 867, 875 (7th Cir. 2007)).

The district court's finding as to the loss amount increased the offense level by twelve, see U.S.S.G. § 2B1.1(b)(1)(G). Palanceanu had accepted responsibility for a loss of approximately $149,000, which would add ten levels to the offense level, see U.S.S.G. § 2B1.1(b)(F). Thus, the district court's finding resulted in an increase of two levels more than what Palanceanu was willing to concede. Palanceanu contested whether the loss of approximately $80,000 directly attributable to his co-schemer Cristian Bentan was reasonably foreseeable to him. However, Palanceanu conceded in his sentencing memorandum that he participated in the scheme with Bentan. In his plea declaration, Palanceanu stated that he was pleading to a wire fraud scheme with Bentan. And Palanceanu admitted under oath at his plea hearing that he participated in a scheme with Bentan. Palanceanu also admitted at his plea hearing that Bentan provided him with the false identification cards and information such as the name of sender, location of sender, amount of funds, and the money transfer control number needed to receive the funds from Western Union. Palanceanu further stated that he kept a portion of the money he received and gave the rest to Bentan. The government's response to Palanceanu's position paper for

sentencing indicated that when law enforcement interviewed Palanceanu after his arrest, he admitted that he was working in the scheme at Gabriel Toader's direction and was aware that Toader frequently recruited others to work in the scheme. The government's response also stated that Palanceanu knew of Bentan's involvement in the scheme, which included conduct like Palanceanu's own—receiving victim funds through the use of alias identifications. Palanceanu contested none of these statements of fact. We agree with counsel that it would be frivolous to challenge the district court's findings regarding the loss amount.

As for the adjustment for role in the offense, the district court found that Palanceanu was a minor participant in the offense, resulting in a two-level decrease in his offense level pursuant to U.S.S.G. § 3B1.2(b). This finding is not clearly erroneous. The district court also found that a substantial part of the fraud scheme was committed from outside the United States, which increased Palanceanu's offense level by two pursuant to U.S.S.G. § 2B1.1(b)(9)(B). Palanceanu did not challenge the Presentence Investigation Report's assertion of facts that support this finding. Furthermore, the record establishes that this finding is not clearly erroneous.

Lastly, counsel considers whether Palanceanu could challenge the reasonableness of his sentence. We review a sentence for reasonableness under an abuse-of-discretion standard. *United States v. England*, 604 F.3d 460, 464 (7th Cir.), *cert. denied*, No. 10-184, — S. Ct. —, 2010 WL 3153546 (Oct. 4, 2010). The court properly calculated the Guidelines sentence, including correctly determining the amount of the loss and Palanceanu's role in the offense, which were the only contested Guideline-calculation issues at the sentencing hearing. A correctly calculated, below-Guidelines sentence is entitled to a presumption of reasonableness. *See United States v. Pape*, 601 F.3d 743, 746 (2010). Palanceanu could attempt to challenge that presumption by arguing that the district court did not give adequate consideration to the sentencing factors in 18 U.S.C. § 3553(a). However, the district court gave careful consideration to the § 3553(a) factors, discussing the seriousness of the crime, the length of Palanceanu's participation in the scheme, the need for general deterrence, the likelihood that Palanceanu will be deported, and the "significant factor" that Palanceanu voluntarily withdrew from the scheme. The district court found that a Guideline sentence would be greater than necessary to meet the requirements of § 3553(a) and imposed a 30-month below-Guidelines sentence. The district court's careful consideration of the sentencing factors defeats any challenge to the reasonableness of the sentence.

No nonfrivolous issues can be raised on appeal. We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.