**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2012
Decided January 20, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1106

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>JOSE GUADALUPE NUNEZ-GARCIA,<br>*Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 09 CR 455-1<br><br>Amy J. St. Eve,<br>*Judge*. |

**O R D E R**

Jose Nunez-Garcia was discovered in Illinois in 2009 after having been removed from the United States four times after incurring a felony drug conviction in 1988. He pleaded guilty without benefit of a plea agreement to being in the United States illegally after having been deported. *See* 8 U.S.C. § 1326(a). After calculating a guidelines imprisonment range of 77 to 96 months, the district court initially pronounced a prison sentence of 77 months but then shaved a month off that term, at Nunez-Garcia's request, to account for time he spent in immigration custody before being charged in this case. Nunez-Garcia filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Nunez-Garcia has not responded to counsel's submission. *See* CIR. R. 51(b). We confine our review

to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Nunez-Garcia could challenge the adequacy of the plea colloquy or the voluntariness of his guilty plea. But Nunez-Garcia has given no indication that he wants his guilty plea set aside, so counsel should have omitted this discussion. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel next evaluates whether Nunez-Garcia could challenge the district court's application of the sentencing guidelines. The only concern that Nunez-Garcia raised at sentencing about the calculation of his guidelines range was whether five of his prior convictions were too old to count against him under U.S.S.G. § 4A1.2(e) because they were incurred between 1988 and 1994, long before his illegal presence was discovered. But raising this concern on appeal would be frivolous. An offense under § 1326(a) begins at the time of reentry, *United States v. Are*, 498 F.3d 460, 464 (7th Cir. 2007); *United States v. Lopez-Flores*, 275 F.3d 661, 663 (7th Cir. 2001), and Nunez-Garcia's 14 arrests in Illinois since his last removal in 1991 corroborate the district court's finding that he reentered the United States sufficiently close in time to his challenged convictions for all of them to count under § 4A1.2(e). In addition, a challenge to the reasonableness of the prison sentence also would be frivolous. The district court sentenced Nunez-Garcia below the guidelines range despite being "particularly troubled" that his four prior removals had not deterred him from returning to the United States. The sentence is not unreviewable, as counsel asserts, but it is presumptively reasonable. *See United States v. Martinez*, 650 F.3d 667, 671 (7th Cir. 2011); *United States v. Berg*, 640 F.3d 239, 254 (7th Cir. 2011). There is no indication that the sentence is unreasonable, and we thus agree with counsel that challenging the sentence would be frivolous.

We **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.