NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2013[*]
Decided June 24, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-2303

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 11 CR 50056-1 |
| ISRAEL GARCIA-IBAR, *Defendant-Appellant.* | Frederick J. Kapala, *Judge.* |

**O R D E R**

Israel Garcia-Ibar, a citizen of Mexico, was removed from the United States in 2005 after incurring felony convictions for aggravated battery and aggravated driving under the influence. He returned illegally later that year, and immigration authorities found and arrested him in 2011. He pleaded guilty to being in the country unlawfully after removal, 8 U.S.C. § 1326(a). The district court calculated a guidelines imprisonment range of

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

77 to 96 months based on a criminal history category of VI and a total offense level of 21, see U.S.S.G. §§ 2L1.2(a), (b)(1)(A)(ii), 3E1.1, and sentenced him to 82 months.

Garcia-Ibar, who has chosen to appeal pro se, contends that the district court overstated his criminal history score by adding 6 points for several juvenile offenses, see U.S.S.G. § 4A1.2(d)(2)(A), (k)(2)(B), and another 2 points for reentering the country while on parole for his battery conviction, see *id.* § 4A1.1(d). He did not object to these points at sentencing, but neither did his lawyer waive the issue when he broadly conceded that the court's guidelines calculations appeared to be correct. The lawyer's statement does not evince an intent to waive this specific challenge, so we construe the absence of an objection as a forfeiture and review for plain error. See *United States v. Allen*, 529 F.3d 390, 394–95 (7th Cir. 2008); *United States v. Jaimes-Jaimes*, 406 F.3d 845, 848–49 (7th Cir. 2005).

Two of the disputed juvenile offenses were committed in 1999, and the third in 2001. Garcia-Ibar argues that none of these offenses should have garnered criminal history points because he was not found by immigration authorities until 2011. Crimes committed before age 18 count for 2 points each if the defendant received a sentence of at least 60 days confinement (including confinement imposed after revocation of parole) and commenced the offense of conviction within 5 years of release. U.S.S.G. § 4A1.2(d)(2)(A), (k)(2)(B), & cmt. n.8; *United States v. Eubanks*, 593 F.3d 645, 655 (7th Cir. 2010).

Garcia-Ibar was released from confinement in early 2002 (he served the three juvenile sentences concurrently), almost a decade before he was arrested in 2011 on the § 1326(a) charge. But in focusing on that arrest he misconstrues the applicable time period. A violation of § 1326(a) begins at the time of reentry, *United States v. Are*, 498 F.3d 460, 464 (7th Cir. 2007); *United States v. Lopez-Flores*, 275 F.3d 661, 663 (7th Cir. 2001), and Garcia-Ibar told a probation officer that he returned to the United States in September 2005, a fact noted in the presentence report. The court adopted this finding without objection and thus correctly found that Garcia-Ibar's release from confinement for the three juvenile offenses occurred within the 5-year period. See *Are*, 498 F.3d at 464; *Lopez-Flores*, 275 F.3d at 663.

Garcia-Ibar likewise asserts that the district court incorrectly added 2 criminal history points for committing the § 1326(a) offense while on parole. He notes that his parole for the 2005 battery conviction ended in April 2006, long before he was "found." Because Garcia-Ibar reentered the United States seven months *before* his parole ended, the court correctly added 2 points. See U.S.S.G. § 4A1.1(d); *United States v. Garcia-Vasquez*, 379 F.3d 451, 453 (7th Cir. 2004); *Lopez-Flores*, 275 F.3d at 663. Thus the sentencing judge committed no error—plain or otherwise—in calculating Garcia-Ibar's criminal history score.

AFFIRMED.