United States Court of Appeals,

Eleventh Circuit.

No. 94-9134.

UNITED STATES of America, Plaintiff-Appellee,

v.

Romel CASTRILLON-GONZALEZ, Defendant-Appellant.

March 13, 1996.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:94-00248-CR-1-ODE), Orinda D. Evans, Judge.

Before BIRCH, Circuit Judge, GODBOLD, Senior Circuit Judge, and O'KELLEY[*], District Judge.

O'KELLEY, District Judge:

This case is before the court on defendant-appellant's appeal of a sentence received on September 28, 1994. The court finds that the district judge properly applied the United States Sentencing Commission Guidelines in imposing the sentence and therefore affirms the decision below.

*Facts*

Defendant was charged with being an alien found in the United States without the permission of the Attorney General, in violation of 8 U.S.C. § 1326. Defendant entered a guilty plea to the one count indictment on July 18, 1994. On September 28, 1994, defendant was sentenced to serve thirty-seven (37) months in prison, followed by three (3) years of supervised release and payment of a special assessment of Fifty Dollars ($50.00).

Defendant is a native and citizen of Colombia. He was

_____

[*]Honorable William C. O'Kelley, U.S. District Judge for the Northern District of Georgia, sitting by designation.

previously deported from the United States on three prior occasions: January 21, 1983, January 2, 1984, and July 30, 1986. On July 25, 1986, defendant was convicted of being found in the United States after deportation, in violation of 8 U.S.C. § 1326. As noted, defendant was deported and placed on five years probation. While in the United States illegally on previous occasions, defendant was convicted of, *inter alia,* resisting arrest, fleeing and attempting to elude police, disorderly conduct, providing a false name, contempt of court, criminal trespass, a probation violation, possession of marijuana, driving under the influence (twice), public indecency, obstruction of an officer, leaving the scene of an accident, and forgery. Defendant has used sixteen aliases, two dates of birth, and three social security numbers.

Defendant was sentenced for the crime underlying this appeal pursuant to a guilty plea. The presentence report, prepared by the United States Probation Office, included two criminal history points, ultimately approved by the district court, for a state conviction and sentence for resisting arrest. The date of that state sentence was October 7, 1982. The probation officer suggested to the defendant that there was a possibility that the judge might employ an upward departure due to the fact that the criminal history category did not reflect the seriousness of defendant's past criminal conduct, nor did it reflect defendant's propensity to engage in future criminal conduct.

The district court, as noted, included the two criminal history points attributed to the October 7, 1982, conviction,

resulting in a total of fourteen criminal history points, and a criminal history of Category VI. The total offense level was deemed to be six. The court then upwardly departed six levels due to the inadequacy of the criminal history and the likelihood that defendant would engage in criminal activity in the future. The range prescribed was thirty to thirty-seven months, and the sentence imposed was thirty-seven months.

There are two questions of law on appeal: whether the district court correctly included the 1982 conviction in calculating the criminal history category, and whether the district court correctly determined that an upward departure of six levels was justified.

*Standard of Review*

Review of a district court's departure from the sentencing guidelines is governed by a three-part analysis: (1) the legal question of the district court's guideline interpretation is reviewed *de novo*; (2) the factual basis for a departure is considered pursuant to the clear error standard of review; and, (3) the direction and degree of departure are reviewed for reasonableness. *United States v. Maurice,* 69 F.3d 1553, 1556 (11th Cir.1995); *United States v. Weaver,* 920 F.2d 1570, 1573 (11th Cir.1991). This is consistent with the statutory framework establishing the Sentencing Commission, which sets forth a limited sphere of appellate review. 18 U.S.C. § 3742(f). *See also Williams v. United States,* 503 U.S. 193, 198-99, 112 S.Ct. 1112, 1118-19, 117 L.Ed.2d 341 (1992).

*Computation of the Criminal History Category*

The United States Sentencing Commission Guidelines provide for the inclusion of two criminal history points for a prior sentence of imprisonment between sixty days and thirteen months. United States Sentencing Commission, *Guideline Manual,* § 4A1.1(b) (Nov.1994) ("USSG"). Such a sentence is included, however, only if it was imposed within ten years of the defendant's commencement of the instant offense. U.S.S.G. § 4A1.2(e)(2).

Defendant argues that the underlying offense of being "found in" the United States illegally is not encompassed by the aforementioned guideline sections, insofar as he was arrested on December 9, 1993, *more* than ten years after his 1982 conviction. Defendants date of illegal entry into the United States was at some point in February, 1991, *less* than ten years after his 1982 conviction. Thus, the operative question is at what point is the offense at issue deemed to commence.

Defendant pleaded guilty to a violation of 8 U.S.C. § 1326. That section states that "any alien who has been arrested or deported ... and thereafter ... enters, attempts to enter, *or* is at any time found in the United States ... shall be fined under Title 18, or imprisoned not more than 2 years, or both." *Id.* (emphasis added). The added emphasis in the language reproduced above is significant. The statute contains three separate and distinct offenses, set forth disjunctively: entering, attempting to enter, or being found in the United States. This court has previously had the opportunity, to some extent, to visit this issue. This court previously held:

> In order for "found in" and "enters" to have different meanings, thus to avoid "enters" being a mere redundancy,

> "found in" must apply to aliens who have entered
> surreptitiously, bypassing a recognized immigration point of
> entry. The phrase "found in" is synonymous with "discovered
> in." ... Congress added the phrase "found in" to alleviate
> the problem of prosecuting aliens who enter in some illegal
> manner.

*United States v. Canals-Jimenez,* 943 F.2d 1284, 1287 (11th Cir.1991) (citation omitted). Although the question before the court in *Canals-Jimenez* was not identical with that in the case *sub judice,* it is instructive. The language of § 1326 clearly contemplates three distinct offenses, the violation of any of which can trigger the penalty set forth in the latter portion of the statute. This reading is consistent with the well established axiom of statutory construction "that a statute is to be interpreted so that no words shall be discarded as being meaningless, redundant, or mere surplusage." *Id.* at 1287 (citations omitted). It is also consistent with this court's interpretation of *Canals-Jimenez,* in *United States v. Gay,* 7 F.3d 200, 202 (11th Cir.1993), wherein a defendant who entered the United States illegally, albeit by passing through immigration with a passport that did not indicate his prior deportation, was deemed to be "found in" the United States in violation of § 1326.

Applying this reading of § 1326 to the facts of this case, confirms the propriety of the district court's ruling. Defendant committed the offense of entering the United States illegally in February, 1991. That offense was completed upon entry, and the relevant date is within ten years of the 1982 conviction, thus falling under U.S.S.G. § 4A1.2(e)(2). Defendant did *not* plead guilty to this offense. The crime of being "found in" the United States illegally was not *complete* until defendant's arrest on

December 9, 1993.  This is the charge to which defendant pleaded guilty.  However, that crime was *commenced* by the aforementioned illegal entry in February, 1991.  The distinction between completion and commencement is critical, inasmuch as § 4A1.2(e)(2) counts any sentence imposed "within ten years of the defendant's *commencement* of the instant offense...."  U.S.S.G. § 4A1.2(e)(2) (emphasis added).  The fact that the illegal entry is capable, in and of itself, of constituting a distinct criminal offense, does not preclude it from being the predicate act to the crime of being illegally "found in" the United States.  By definition, one must enter the United States, either legally or illegally, in order to be found therein.  Thus, it is entirely consistent with the structure of § 1326 to conclude that the commencement of the crime of being "found in" the United States is at the point of entry.[1]  Accordingly, the district court's inclusion of this offense was correct.

*The Upward Departure*

The Sentencing Guidelines provide a mechanism by which a district court judge may depart from the guidelines range "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes...."  U.S.S.G. § 4A1.3.  The court may consider factors such as prior sentences which were not used in computing

---

[1]It is possible that one could commence the offense of being "found in" by remaining in the United States after the expiration of a legitimate visa.  In that case, the crime would not commence with the individual's entry, but rather at the point the visa expired.

the criminal history category, prior similar misconduct evidenced by a civil adjudication of noncompliance with an administrative order, or prior similar adult conduct which did not result in a criminal conviction. *Id.*

In the case at bar, defendant was placed on notice as to the possibility of an upward departure in the Presentence Report. The district court, at the sentencing hearing, did in fact depart upward. The court found as follows:

> [W]hat I see here is a clear pattern of the defendant's re-entering the country after being deported, and after at least one conviction for illegal re-entry. I also see interspersed in those periods of time when the defendant had been in the United States that he has been committing crimes....
>
> I think when there have been four illegal entries, one of which has resulted in a conviction and which was followed by yet another illegal re-entry, that that's a pretty good reason to think that the defendant might be coming back.

(R-2-9-10; 11). Defendant's past pattern of criminal activity is set forth in the first part of this opinion. Of particular import, though, is defendant's multiple prior illegal entry and re-entries into the United States as an adult, and his repeated failure to comply with administrative orders not to reenter the country without permission.

Based on the foregoing conclusions, the district court determined that a departure beyond a Category VI criminal history was appropriate. The possibility of such a conclusion is anticipated by the Guidelines. "The Commission contemplates that there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the

defendant's criminal history.  In such a case, departure above the guideline range for a defendant with Criminal History Category VI may be warranted."  U.S.S.G. § 4A1.3.  The Guidelines further note that the "nature of the prior offenses rather than simply their number" should be of greater import in the court's evaluation.  *Id.* The facts of the case at bar fit this situation.  Defendant's prior criminal conduct is, at least in part, identical to the offense to which he has pleaded guilty.  Moreover, his propensity to commit other crimes while in the United States illegally is uncontroverted.

Defendant raises a number of arguments in an effort to challenge the legitimacy of the upward departure.  First, defendant cites the U.S.S.G. Application Notes, which state:  "In the case of a defendant with repeated prior instances of deportation without criminal conviction, a sentence at or near the maximum of the applicable guideline range may be warranted."  U.S.S.G. § 2L1.2, Commentary n. 2 (Nov. 1993).[2]  This argument is without merit, because defendant has indeed been convicted on a prior occasion for reentry subsequent to deportation.  Defendant also suggests that the district court did not adequately articulate its basis for an upward departure.  This court has previously held that "an appellate court may properly consider the entire record from the

---

[2]It is interesting to observe that the amended guidelines state:  "In the case of a defendant with repeated prior instances of deportation without criminal conviction, an upward departure may be warranted."  U.S.S.G. § 2L1.2, Commentary n. 2 (Nov. 1995).  Of course, defendant is bound only by those guidelines in effect at the time of his sentencing, 18 U.S.C. § 3553(a)(4); *United States v. Marin,* 916 F.2d 1536, 1538 (11th Cir.1990), but the amendment is worth noting.

sentencing hearing, including the [Presentence Report], in reviewing the district court's factual support for its decision." *United States v. Brown,* 9 F.3d 907, 912 (11th Cir.1993) (*citing United States v. Suarez,* 939 F.2d 929, 933-34 (11th Cir.1991)). Pursuant to this standard, the court is satisfied, as evidenced by the excerpt reproduced above, that the district court sufficiently articulated the grounds for its upward departure, and that these constitute legally acceptable reasons. There is ample factual support in the record for this determination, and the direction and degree of departure are reasonable.

*Conclusion*

The sentence imposed by the district court is hereby AFFIRMED.