[NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 01-1147

UNITED STATES OF AMERICA,

Appellee,

v.

MANUEL REGLA LARA-CRUZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Boudin, Chief Judge,

Torruella, Circuit Judge,

and Cyr, Senior Circuit Judge.

Kathleen J. Hill, by appointment of the court, with whom Law Office of Kathleen J. Hill was on brief for appellant.
Donald C. Lockhart, Assistant United States Attorney, with whom Margaret E. Curran, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, were on brief for appellee.

Per Curiam. Defendant-appellant Manuel Regla Lara-Cruz was charged in federal district court as an alien who had been previously deported and was then found in the United States on or about June 20, 2000, without having first obtained the consent of the Attorney General to seek readmission. See 8 U.S.C. §§ 1326(a)(2), (b)(2) (1994). Lara-Cruz pled guilty to the charge. Following a presentence report, the district court sentenced Lara-Cruz to 41 months' imprisonment.

On this appeal, Lara-Cruz raises two issues. First, he objects that the district court erred in computing his criminal history by including two criminal history points for his June 4, 1990, state court conviction and sentence on drug charges. Concededly, the two points were properly added unless the sentence was imposed "more than ten years prior to the defendant's commencement of the instant offense. . . ." U.S.S.G. § 4A1.1(b) & cmt. n.2 (2000). No objection to the criminal history points was made at the time of sentencing, so our review is for plain error.

The claim of plain error rests on Lara-Cruz's accurate assertion that he pled guilty to having been found in the United

States on or about June 20, 2000, slightly more than ten years after the June 4, 1990, date on which he had originally been convicted and sentenced in state court on drug charges. The short answer is that the presentence report, to which no objection was taken, shows that Lara-Cruz originally reentered the United States in 1997 and resided in Providence until arrested in June 2000. Whether or not the offense of being "found in" the United States is completed upon illegal entry or only upon arrest, Lara-Cruz's entry into the United States in 1997 was certainly the "commencement of the instance offense," U.S.S.G. § 4A1.1, cmt. n.2, the defendant's illegal entry being a first step in thereafter being "found in" the United States. See United States v. Castrillon-Gonzalez, 77 F.3d 403, 406 (11th Cir. 1996).

Lara-Cruz's other objection stems from the fact that at sentencing, the district judge specified the sentence and then observed: "And I will make a recommendation to the Bureau of Prisons, if it is at all possible, to place the Defendant in a facility near where his family resides." Apparently, the judgment of conviction omits such a recommendation. Lara-Cruz argues that this oral comment was a part of the sentence which controls any subsequent deviation in the written document, see United States v. Muniz, 49 F.3d 36, 41-42 (1st Cir. 1995), and

that the district court should be instructed to incorporate the oral recommendation in the judgment.

After questioning whether this court has any authority to review the district court's making or refusing to make a nonbinding recommendation concerning the place of confinement, see United States v. Serafini, 233 F.3d 758, 778 (3d Cir. 2000), the government points out that the district court's own language reflected only a conditional intention and not an outright commitment. We agree that the district judge may have concluded that the recommendation was not feasible--a judgment we would have no basis for disturbing even if the matter were reviewable at all. Alternatively, the district court may simply have overlooked the matter.

Accordingly, we affirm the judgment of the district court but invite counsel for Lara-Cruz to call the district court's attention to the discrepancy so the district can if it so chooses, make the recommendation as to place of confinement.