[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11945
Non-Argument Calendar

_____

D. C. Docket No. 04-20844-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 27, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Jesus Sanchez appeals his sentence of 65 months of imprisonment for

conduct including possession of a firearm as a convicted felon. Sanchez challenges a two-level increase in his base offense level and an upward departure in his criminal history category. We affirm.

## I. BACKGROUND

Police officers stopped a vehicle for a traffic violation and discovered a handgun on the center console and Sanchez in the passenger seat holding a rifle. Sanchez pleaded guilty to conduct including possession of a firearm as a convicted felon. 18 U.S.C. § 922(g)(1). Sanchez expressly limited his plea to possession of the rifle and not the handgun. A presentence investigation report recommended a two-level increase in Sanchez's base offense level because the handgun was stolen. See U.S.S.G. § 2K2.1(b)(4). The presentence investigation report stated that another person in the vehicle had said the handgun belonged to Sanchez.

The presentence investigation report also suggested that an upward departure in Sanchez's criminal history category might be warranted because criminal history points were not awarded for six previous convictions, including convictions for carrying a concealed firearm and strong arm robbery. See U.S.S.G. § 4A1.3(a)(1). The government filed a motion for an upward departure. Sanchez objected, under United States v. Shepard, 544 U.S. 13, 125 S. Ct. 1254 (2005), on the ground that the nature of some of his previous offenses could not be determined from plea

2

colloquies or plea agreements.

The district court increased Sanchez's base offense level by two levels and granted an upward departure in Sanchez's criminal history category. The district court sentenced Sanchez to 65 months of imprisonment. The statutory maximum sentence for a conviction under section 922(g)(1) is 120 months of imprisonment. 18 U.S.C. § 924(a)(2).

## II. STANDARD OF REVIEW

We review de novo an increase in a base offense level. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). We review de novo the legal issues of an upward departure in a criminal history category. United States v. Castrillon-Gonzalez, 77 F.3d 403, 405 (11th Cir. 1996).

## III. DISCUSSION

Sanchez appeals his sentence. He challenges both the increase in his base offense level and the upward departure in his criminal history category. We discuss each matter in turn.

Sanchez's first challenge is to the two-level increase in his base offense level, and he makes two arguments. First, Sanchez argues that, under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), the district court erroneously applied the guidelines as mandatory and relied upon post-verdict

3

findings to enhance his sentence.  Second, Sanchez argues that the enhancement was unsupported by evidence.

Sanchez's arguments fail.  First, Booker reaffirmed the basic principle that a district court may not rely on post-verdict findings to increase a sentence beyond a statutory maximum, id. at 244, 125 S. Ct. at 756, but, so long as a district court applies the guidelines as advisory, see, e.g., United States v. Shelton, 400 F.3d 1325, 1330–31 (11th Cir. 2005), it may determine facts in selecting "a specific sentence within a defined range," Booker, 543 U.S. at 233, 125 S. Ct. at 750. Sanchez's sentence was within the statutory range, see 18 U.S.C. § 924(a)(2), and the record does not suggest that the district court failed to regard the guidelines as advisory.  Second, the district court did not err in applying the enhancement, which was supported by the presentence investigation report.

Sanchez's second challenge is to the upward departure in his criminal history category, and he makes three arguments.  First, Sanchez argues that the use of certain post-verdict findings to enhance his sentence was error under Booker. Second, Sanchez argues that reliance on those findings violated his right of confrontation under the Sixth Amendment as explicated in Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1534 (2004).  Third, Sanchez argues that Shepard limits the sources a district court may consider when relying on previous

4

convictions to enhance a sentence under the sentencing guidelines.

These arguments fail. First, <u>Booker</u> does not bar the use of post-verdict findings under advisory guidelines to enhance a sentence within a statutory range. <u>Booker</u>, 543 U.S. at 233–34, 125 S. Ct. at 750. Second, the confrontation right explicated in <u>Crawford</u> does not extend to sentencing proceedings. <u>United States v. Cantellano</u>, 430 F.3d 1142, 1146 (11th Cir. 2005). Third, this Court has concluded that <u>Shepard</u> addressed only what sources a district court may consider when relying on previous convictions to sentence a defendant under the Armed Career Criminal Act. <u>Cantellano</u>, 430 F.3d at 1146. Sanchez's sentence was enhanced under the advisory guidelines, <u>see</u> U.S.S.G. § 4A1.3(a)(1), (2)(A)–(E), not the Armed Career Criminal Act.

## IV. CONCLUSION

The sentence imposed by the district court is

**AFFIRMED.**

5