[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 13, 2007
THOMAS K. KAHN
CLERK

No. 07-10390
Non-Argument Calendar

_____

D. C. Docket No. 04-00145-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 13, 2007)

Before BLACK, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Samuel Moore appeals his 120-month sentence for bank robbery imposed

upon resentencing.  After review, we affirm.

## I. BACKGROUND

Moore was indicted for committing bank robbery by use of a dangerous weapon, in violation of 18 U.S.C. § 2113(a) and (d).  Moore pled not guilty and was found guilty by a jury.  According to the Presentence Investigation Report ("PSI"), Moore entered a bank, slid a bag to the teller and told her to "[f]ill the bag with money.  I've got a gun."  Moore then pulled his shirt up to display the grip of an air gun.  After obtaining the money and leaving the scene, Moore led police on a high-speed chase.

The PSI assigned Moore five criminal history points for these prior convictions: (1) one point for "theft by taking," where Moore attempted to commit armed robbery by entering a Winn-Dixie grocery store with what appeared to be a handgun and demanding money and for which he received a sentence of 12 months' probation; (2) three points for a "robbery by sudden snatch," where he obstructed law enforcement by backing his car into a police officer's vehicle and attempted to elude police; and (3) one point for a 1995 conviction for driving under the influence ("DUI").  With two criminal history points for committing the instant offense while on probation, the PSI assigned a criminal history category of IV.  With a total offense level of 27, the PSI recommended an advisory guidelines

range of 100 to 125 months' imprisonment.

At his initial sentencing, Moore objected to the inclusion of one point for the 1995 DUI conviction because he had not been represented by counsel. The district court indicated that it would not consider the DUI conviction in computing Moore's criminal history score. This should have reduced Moore's criminal history category to III, resulting in an advisory guidelines range of 87 to 108 months' imprisonment. However, the district court calculated an advisory guidelines range of 100 to 125 months, which was consistent with a criminal history category IV, and imposed a 120-month sentence.

In Moore's first appeal, this Court concluded: (1) that the district court had not properly calculated Moore's criminal history category as IV, and (2) that it could not determine whether, absent the calculation error, the district court would have imposed the same sentence. This Court vacated Moore's sentence and remanded with instructions for the district court to clarify its ruling on Moore's objection to the DUI point in his criminal history score and whether it intended for Moore's sentence to fall within the applicable advisory guidelines range or to constitute a variance from the advisory guidelines range.

On remand, the district court confirmed that it had sustained Moore's objection to the DUI conviction. The district court clarified that it was making an

3

upward departure in Moore's criminal history category based on the fact that the

seriousness of Moore's criminal history was not adequately represented, as

follows:

> [W]hen I look at some of the underlying convictions, theft by taking in a Winn-Dixie store where he only got one point, we go with the prior sentence given by a previous judge as a rough proxy of the seriousness of the crime. When I look at this, I think that's not a good proxy, that was more serious than a one-point offense and it should have been a two or a three, that in my mind, it's more serious.
> And, likewise, the other snatching incident was, I think, more – well, it got three points but it was a serious sort of incident . . . . It really wouldn't be a variance, it would be what I would have done before Booker: I would have gone down one point for the DUI and then I would have departed back up the same point for the seriousness of his conviction with the Winn-Dixie and the seriousness with the snatching at least one or two points. That gets him back to the same place he was, so I view it as an upward departure based on the inadequacy of [the] criminal history.

The district court also noted the violence running throughout Moore's offenses and

the similarities between Moore's prior Winn-Dixie theft conviction and the instant

bank robbery, as follows:

> [T]his is a man who this is his second violent sort of robbery. It may have been an air gun but there was a gun involved, he had another robbery at a Winn-Dixie store, he had a snatching incident and then he also banged into another policeman's car. That's too many acts of violence for me to impose a sentence less than the sentence I imposed.

The district court indicated that, if an upward departure under the guidelines had

been unavailable, it would have imposed the same sentence as a post-Booker

4

variance from the advisory guidelines range.  The district court reimposed the 120-month sentence.  Moore filed this appeal.

## II.  DISCUSSION

Moore argues that the district court erred in imposing an upward departure in his criminal history category.

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district court must consult and correctly calculate the defendant's range under the Sentencing Guidelines and then impose a reasonable sentence considering the factors in 18 U.S.C. § 3553(a).  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).  Although Booker has rendered the guidelines range advisory, the correct application of the individual guideline provisions is obligatory.  United States v. Brehm, 442 F.3d 1291, 1300 (11th Cir.), cert. denied, ___ U.S. ___,127 S. Ct. 457 (2006).[1]

Under U.S.S.G. § 4A1.3, the district court may depart upwards in the criminal history category if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the

---

[1]Post-Booker, we review a sentence for reasonableness.  United States v. Hunt, 459 F.3d 1180, 1182 (11th Cir. 2006). A sentence can be procedurally or substantively unreasonable.  A sentence is procedurally unreasonable if "it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence," such as a failure to apply the guideline provisions correctly.  Id. at 1185 n.3.  Moore raises only a claim of procedural unreasonableness.

defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ." U.S.S.G. § 4A1.3(a)(1). "[A]n upward departure may be appropriate where the defendant had previously received an extremely lenient sentence for a serious offense." United States v. Phillips, 120 F.3d 227, 232 (11th Cir. 1997) (quotation marks and emphasis omitted); see also U.S.S.G. § 4A1.3, cmt. background (noting that extremely lenient past sentences may be appropriately considered). In addition, the district court may consider the similarity of the current offense to prior offenses in deciding whether to impose a § 4A1.3 upward departure. See United States v. Castrillon-Gonzalez, 77 F.3d 403, 407 (11th Cir. 1996).[2]

Here, the district court did not abuse its discretion in departing on the basis that Moore's criminal history category under-represented the seriousness of his criminal history. The district court considered the fact that Moore received only twelve months' probation for the Winn-Dixie theft offense, a sentence that did not adequately reflect the seriousness of that offense. The district court also considered similarities between the instant bank robbery and Moore's prior

---

[2]We review a district court's decision to depart under U.S.S.G. § 4A1.3 for abuse of discretion. United States v. Hernandez, 160 F.3d 661, 668 (11th Cir. 1998); see also United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (explaining that pre-Booker standards of review apply to review of guideline calculations). In so doing, we review the district court's legal determination that it may rely on a particular factor as a basis for departure de novo, its factual findings for clear error and the extent of the departure for reasonableness. See United States v. Weaver, 920 F.2d 1570, 1573 (11th Cir. 1991).

offenses.  Both prior offenses involved violent theft crimes.  The Winn-Dixie

offense involved an attempted robbery in which Moore flashed what appeared to

be a gun.  The robbery "by snatch" involved an attempt to elude police.

Both the leniency of the sentences for prior offenses and the similarity of the

prior offenses are appropriate factors to consider in deciding to depart.

Furthermore, these factors were adequately supported by the record.[3]  Finally, the

degree of the departure – from a category III to a category IV – is not unreasonable

under the circumstances.

Moore also contends that the district court's upward departure constituted

double counting prohibited by United States v. Hunerlach, 258 F.3d 1282 (11th

Cir. 2001).  Under Hunerlach, a district court may not make an upward departure

in the criminal history category for criminal conduct that was considered relevant

conduct in calculating the defendant's offense level.  258 F.3d at 1286-87.  Here,

Moore's upward departure was not based on relevant conduct but on past criminal

conduct.  Therefore, Hunerlach is inapplicable.

For all these reasons, we conclude that the district court did not abuse its

---

[3]At sentencing and resentencing, Moore did not dispute the factual accuracy of criminal history portion of his PSI.  See United States v. Smith, 480 F.3d 1277, 1281 (11th Cir. 2007) (explaining that undisputed factual matters in the PSI are deemed admitted and may be relied upon by the district court in determining the defendant's sentence); United States v. Bennett, 472 F.3d 825, 832-34 (11th Cir. 2006) (concluding that undisputed facts in the PSI relating to the defendant's prior convictions could be used to enhance the defendant's sentence).

discretion in departing upward under § 4A1.3 and that Moore's 120-month sentence is not unreasonable.

**AFFIRMED.**