[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10163
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60051-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEX LITTLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 16, 2014)

Before KRAVITCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Alex Little appeals his convictions for aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) arising from his misuse of federal income tax refund checks.  Little argues his convictions should be vacated because using another person's name on a forged check does not constitute the use of a means of identification within the meaning of §1028A.  He further argues for the first time on appeal that the evidence was insufficient to show that he knew the names on the checks were those of real rather than fictitious persons.  Upon review, we reject Little's arguments and affirm his convictions.[1]

## I.

"We review questions of statutory interpretation *de novo*."  *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009).

The aggravated identity theft statute prohibits the knowing transfer, possession, or use, without lawful authority, of "a means of identification of another person," in relation to a violation of 18 U.S.C. § 1344.  18 U.S.C. § 1028A(a)(1), (c)(5).  The statute defines *means of identification* as follows:

> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—
>
> > (A)  *name*, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number,

---

[1] Little has also filed a motion for leave to file a supplemental brief, which we deny.

government passport number, employer or taxpayer
identification number;

. . .

(D)    telecommunication identifying information *or access
device* (as defined in section 1029(e)).

18 U.S.C. § 1028(d)(7) (emphasis added).  Section 1029(e), in turn, provides the

following definition of *access device*:

any card, plate, code, account number, electronic serial number,
mobile identification number, personal identification number, or
other telecommunications service, equipment, or instrument
identifier, or other means of account access that can be used, alone
or in conjunction with another access device, to obtain money,
goods, services, or any other thing of value, or that can be used to
initiate a transfer of funds *(other than a transfer originated solely
by paper instrument)*.

18 U.S.C. § 1029(e)(1) (emphasis added).

Because this definition specifically excludes "a transfer originated solely by

paper instrument"—i.e., a check—Little argues that the identity theft statute as a

whole excludes forged checks.  The Government points out that the basis of

Little's conviction was his use of a name under § 1028(d)(7)(A), not an access

device under § 1028(d)(7)(D), and only the latter excludes checks.  To this, Little

responds that because every check necessarily includes a name, applying the check

exclusion only to access devices renders the exclusion meaningless—whenever the

check exclusion would prevent the Government from basing a violation of

§ 1028A on an access device, it could always base a violation on the use of a name

3

instead.  For this reason, Little urges the court to apply the check exclusion to the entirety of § 1028(d)(7) even though it only appears in reference to an access device.

Little's argument fails because *access device* is defined by reference to § 1029(e)(1), and that section is used in other contexts.  Even if the plain text of the statute renders the check exclusion without effect in § 1028A, the exclusion may still be meaningful when § 1029(e) is applied elsewhere—e.g., in the substantive criminal provisions of § 1029 itself.  Therefore, Little has not shown that that "the general principle that courts must not interpret one provision of a statute to render another provision meaningless," *United States v. Castrillon-Gonzalez*, 77 F.3d 403, 406 (11th Cir. 1996), applies to this case.  Accordingly, we have no cause to depart from the plain meaning of the statute, under which a person's name on a check qualifies as a means of identification under § 1028A.  *See United States v. Blixt*, 548 F.3d 882, 888 (9th Cir. 2008) ("The Aggravated Identity Theft statute defines the term "means of identification" in a way that makes reasonably clear that forging another's signature on a check constitutes the use of a means of identification.").

## II.

Generally, we review *de novo* whether evidence is sufficient to sustain a conviction.  *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009).

4

However, the record indicates that Little's motion for judgment of acquittal before the district court did not encompass his argument on appeal that the evidence was insufficient to show he knew that the names he used belonged to real people. Therefore, this argument has been raised for the first time on appeal, and we review it for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993); *see also United States v. Hunerlach*, 197 F.3d 1059, 1068-69 (11th Cir. 1999) (noting that plain-error review applies even when a defendant moved for a judgment of acquittal on sufficiency-of-the-evidence grounds before the district court if he failed to articulate the specific sufficiency-of-the-evidence claim later raised on appeal).

Plain error requires a preliminary showing of an error that is plain and affects a defendant's substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). Little fails to meet this threshold requirement because the evidence presented at trial was not clearly insufficient to establish that Little knew the names on the fraudulent checks belonged to real people. The fact that the checks were tax refunds issued by the United States Treasury, which ordinarily would not be issued to fictitious people,[2] creates a reasonable inference that Little knew the payees of the checks were real. *See United States v. Philidor*, 717 F.3d 883, 885-86 (11th Cir. 2013) (finding the inference that the government "verifies

---

[2] Little argues that the Treasury occasionally issues tax refunds to fictitious people, but he can point to no evidence suggesting that he believed this this was one of those unusual cases.

identifying information . . . before issuing a tax refund" reasonable based on "common sense and ordinary human experience").  Moreover, having found Little guilty of making false statements in connection with the fraudulently signed checks, a jury could reasonably infer Little's criminal state of mind and his awareness of other details of his scheme, including the origins of the checks and the fact that they had been issued to real people.  For these reasons, Little is unable to show plain error with respect to the sufficiency of the evidence.

**AFFIRMED.**