[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13117
Non-Argument Calendar

_____

D.C. Docket No. 9:14-cr-80038-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINVAL ROY SMITH,
a.k.a. Kevin Anthony Smith,
a.k.a. Keith Anthony Smith,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 11, 2015)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Linval Roy Smith appeals his 37-month sentence of imprisonment, imposed after he pled guilty to illegal re-entry by a removed alien, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, Smith argues that his sentence is substantively unreasonable because the district court relied too heavily on his criminal history and did not take into account that he returned to the United States out of fear for his life in Jamaica.  After careful consideration, we affirm.

## I.

Smith is a native and citizen of Jamaica who was removed from the United States in 1999 under the name of Linval Roy Smith.  He re-entered the United States in 2004 after obtaining a non-immigrant work visa using his brother's name, Keith Anthony Smith.  In 2013, Smith was arrested on charges of domestic battery by strangulation, petit theft, and resisting an officer both with and without violence.  Upon his arrest, the defendant identified himself as Keith Anthony Smith, but subsequent investigation revealed that his fingerprints matched those of Linval Roy Smith.  Smith later pled guilty under a plea agreement to one count of illegal re-entry.

The United States Probation Officer prepared a presentence investigation report ("PSR"), assigning Smith a total adjusted offense level of 17.  This included a 12-level enhancement under United States Sentencing Guidelines Manual ("U.S.S.G.") § 2L1.2(b)(1)(B), because Smith was previously deported after a

drug-trafficking conviction (delivery of cannabis in 1997), which resulted in a sentence of 13 months or less (30 days' jail time). In addition, the PSR reflects that Smith had prior convictions for battery and carrying a concealed weapon in 1996, battery of his pregnant girlfriend in 1997, battery in 1998, and domestic battery of his girlfriend in 2014. Smith was assessed eight criminal history points for these convictions, placing him into a criminal-history category of IV.[1]

Based on an offense level of 17 and a criminal history category of IV, Smith's guideline imprisonment range was 37 to 46 months. U.S.S.G. Sentencing Table, Ch. 5, pt. A. The statutory maximum term of imprisonment was 20 years. 8 U.S.C. § 1326(b)(2).

At sentencing, Smith's counsel requested the lowest sentence in the guideline range—37 months. In support, Smith's counsel stressed that Smith's prior convictions were old and that he had been law-abiding for ten years after re-entering the United States in 2004. Counsel also asserted that Smith returned to the United States because he feared for his life in Jamaica. Smith personally

---

[1] In calculating a defendant's criminal-history score, convictions with sentences of no more than one year and one month generally are counted if the sentence "was imposed within ten years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(2); *see also* U.S.S.G. § 4A1.2(e)(1) (providing a fifteen-year time period for sentences exceeding one year and month). The parties agree that the instant offense was "commenced" upon Smith's re-entry into the United States in 2004, and that, therefore, the relevant period ran from 2004 and not some later date. *See United States v. Castrillon-Gonzalez*, 77 F.3d 403, 406 (11th Cir. 1996). As a result, Smith's prior convictions in the 1990s counted for purposes of calculating his criminal-history score, notwithstanding that he was not arrested for the instant offense until 2013.

apologized for re-entering and suggested that the PSR's accounts of his domestic-violence incidents were not accurate.  The government likewise sought a sentence at the low end of the guideline range.

The district court sentenced Smith to 37 months in prison, finding "no reason to depart or vary from the sentence called for by the guidelines."  In imposing sentence, the court stated that it had considered the statements of the parties, reviewed and adopted the PSR, and considered the 18 U.S.C. § 3553(a) sentencing factors.  Following entry of judgment, Smith brought this appeal challenging the reasonableness of his sentence.

## II.

We review the substantive reasonableness of a sentence using a deferential abuse-of-discretion standard.[2]  *United States v. Irey*, 612 F.3d 1160, 1165, 1188-90 (11th Cir. 2010) (*en banc*).  The party challenging the sentence bears the burden of showing that the sentence is unreasonable in light of the record and § 3553(a) factors.  *United States v. Langston*, 590 F.3d 1226, 1236 (11th Cir. 2009).

The district court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2).  18 U.S.C. § 3553(a).  These purposes include the need for a sentence to reflect the

---

[2]    Generally, we review the procedural soundness of a sentence before considering whether the sentence is substantively unreasonable.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  But because Smith does not argue that his sentence was procedurally defective, we proceed directly to the question of substantive reasonableness.

seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. *Id.* § 3553(a)(2). Additional factors for the court to consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission. *See id.* § 3553(a)(1), (3)-(7). The district court must consider the § 3553(a) factors in imposing sentence, but the court has the discretion to determine the weight given to any particular factor. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). But we will not "set aside a sentence merely because we would have decided that another one is more appropriate." *Id.* at 1191; *see Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

Smith has not shown that his sentence is substantively unreasonable. He argues that the district court overemphasized his past criminal record and that his

history and personal characteristics supported a lesser sentence. But Smith's assertion that he was law-abiding for a long period of time is undermined by the fact that he was unlawfully in the United States during that period, in addition to the fact that his arrest leading to the present case was for similar conduct as some of his prior convictions. Moreover, Smith admits that his criminal-history score was properly calculated, even if, as Smith asserts, it overstated that history.

Furthermore, the record shows that the district court reviewed the PSR and considered Smith's arguments about his criminal history—asking specific questions about his domestic-violence incidents—and the reason for which he allegedly returned to the United States, but it found no reason to vary or depart from the guideline range. The weight to give any particular § 3553(a) factor is committed to the district court's discretion, *Williams*, 526 F.3d at 1322, and we expect that a sentence within the guideline range is reasonable, *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010). Even if we agreed that a lesser sentence would have been appropriate, that is not sufficient to set aside the district court's sentence unless the court committed a clear error of judgment in weighing the § 3553(a) factors. *See Irey*, 612 F.3d at 1191. Here, the district court's sentence of 37 months' imprisonment, at the low end of the guideline range, was within the range of reasonable sentences based on the totality of the circumstances and the relevant § 3553(a) sentencing factors. We, therefore, affirm.

**AFFIRMED.**