[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14696
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00093-ODE-JSA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO RAMIREZ-ALVARADO,
a.k.a. Cesar Orlando Alvarado,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 8, 2015)

Before ED CARNES, Chief Judge, MARCUS, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

In 2014, officers from the Douglasville, Georgia police department arrested Gerardo Ramirez-Alvarado on charges of shoplifting. A few days later, an Immigration and Customs Enforcement officer interviewed him. During the interview, he admitted that he had illegally entered the United States for the fourth time in 2012.

Ramirez-Alvarado later pleaded guilty to one count of illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a) & (b)(2). In sentencing him for that crime, the district court calculated his advisory guidelines range as 77 to 96 months imprisonment. It then varied downward and imposed a 72-month sentence.

Ramirez-Alvarado contends that his downward variance sentence was substantively unreasonable — that the court did not go low enough. The thrust of his argument is that he should have gotten some credit for freely admitting his date of reentry to ICE officials. But for his honesty, Ramirez-Alvarado argues, he might have been found to have "commenced" his illegal reentry offense in 2014, his "encounter" date of reentry, as opposed to 2012, his actual date of reentry. If that were the case, his advisory guidelines range would have been significantly lower — 37 to 46 months instead of 77 to 96 months — because two of his prior convictions would not have received criminal history points, and he would have received only a 12-level, as opposed to a 16-level, enhancement under United States Sentencing Guidelines § 2L1.2(b)(1)(A). See U.S.S.G. § 4A1.2(e)

2

(explaining that certain prior convictions are not scored if the resulting sentence was imposed too many years before the defendant "commenced" his instant offense of conviction); id. § 2L1.2(b)(1)(A) (providing that, if a defendant previously was deported after having been convicted of a felony that is a "crime of violence," he receives a 16-level enhancement if the conviction was scored and a 12-level enhancement if it was not); United States v. Castrillon-Gonzalez, 77 F.3d 403, 406 (11th Cir. 1996) (holding that, for purposes of calculating a defendant's criminal history score, "the commencement of the crime of being 'found in' the United States [under 8 U.S.C. § 1326] is at the point of entry"). He also argues that the district court failed to consider that the low end of his advisory guidelines range (77 months) was much higher than the 24-month sentence that he had received for a previous illegal reentry conviction, and that his personal history and characteristics merited a shorter sentence.

We review the substantive reasonableness of a sentence under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). Under that deferential standard, we will vacate a sentence "only if[] we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C. § 3553(a)] factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc)

(quotation marks omitted).  The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts.  United States v. Langston, 590 F.3d 1226, 1236 (11th Cir. 2009).

Ramirez-Alvarado's 72-month sentence is substantively reasonable.  For starters, it is a below-guidelines sentence.  Because we ordinarily expect within-guidelines sentences to be reasonable, see United States v. Asante, 782 F.3d 639, 648 (11th Cir. 2015), that fact alone is a strong indicator of the sentence's reasonableness.  Equally to the point, the sentence was not the product of a clear error in judgment.  The district court considered the advisory guidelines range, treated it as advisory, and varied downward based on the fact that "old" convictions "trigger[ed] a very large adjustment in the calculation of the guideline range."[1]  It did not vary downward as much as Ramirez-Alvarado would have liked, however, because it determined that a shorter sentence (such as the 24-month sentence that he previously received for the same crime) would not adequately deter him from illegally entering the country a fifth time.  The court also determined that a shorter sentence would not adequately account for the fact that he had committed multiple crimes each time he had entered the United States,

---

[1] In a way, then, the district court did give Ramirez-Alvarado credit for being honest with ICE.  Of course, his real reward was not receiving an obstruction of justice enhancement.  See U.S.S.G. § 3C1.1.

including burglaries of private residences, burglary of a motor vehicle, multiple thefts, driving without a license, and driving under the influence. Ramirez-Alvarado has failed to meet his burden of showing that his downward variance sentence is unreasonably long in light of the § 3553(a) factors and the facts of his case.

**AFFIRMED.**