UNITED STATES of America, Plaintiff-Appellee,

v.

Osnel COEUR, a.k.a. Steve Coeur, a.k.a. Antonio Gray, Defendant-Appellant.

No. 98-5711

Non-Argument Calendar.

United States Court of Appeals,

Eleventh Circuit.

Dec. 2, 1999.

Appeal from the United States District Court for the Southern District of Florida. (No. 98-00324-CR-WPD), William P. Demitrouleas, Judge.

Before EDMONDSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Osnel Coeur, after having been deported was "found to be in the United States," in violation of 8 U.S.C. § 1326(a). He appeals his sentence, contending that the district court improperly increased his criminal history points under U.S.S.G. § 4A1.1(d) after concluding that he committed the § 1326(a) crime while serving another sentence. The sentence he was serving at the time the INS found Coeur in this country was one he received after he had entered illegally, which was also in violation of § 1326(a). Because the specific § 1326(a) crime Coeur was convicted of is the crime of being "found in" the United States after having been deported, and the INS found him in this country while he was serving another sentence, we conclude that the district court did not err in applying § 4A1.1(d) of the Guidelines.

I.

In 1994, Coeur was deported from the United States after having been convicted of several misdemeanors and felonies, including armed robbery. He re-entered this country without permission in September or October of 1997. On October 29, 1997, Coeur was arrested and later convicted for possession of cocaine and resisting an officer without violence, and he was sentenced to 90 days in the Dade County jail. In early April 1998, while Coeur was serving that sentence, INS officials were alerted to his presence in the

jail. As a result, a grand jury returned an indictment against Coeur, charging that he was "found to be in the United States" without the consent of the Attorney General in violation of 8 U.S.C. § 1326(a), (b)(2). Coeur entered a plea of guilty to the indictment.

At the sentencing hearing, the district court considered whether Coeur's criminal history points should be increased under U.S.S.G. § 4A1.1(d) because he committed the crime for which he was being sentenced while he was serving another criminal justice sentence. After hearing arguments on the issue by the parties, the court found the reasoning in *United States v. Santana-Castellano,* 74 F.3d 593 (5th Cir.1996), *cert. denied,* 517 U.S. 1228, 116 S.Ct. 1865, 134 L.Ed.2d 963 (1996), to be persuasive and assessed two additional criminal history points under § 4A1.1(d).

## II.

On appeal, Coeur contends that it was improper for the district court to assess additional criminal history points against him under § 4A1.1(d). Coeur argues that he committed the crime for which he was being sentenced when he re-entered the United States, not when he was discovered in jail three years later by the INS. Because he was not under a criminal justice sentence on the date he re-entered the United States, Coeur contends that § 4A1.1(d) is inapplicable to the facts of his case. To hold otherwise, Coeur argues, would yield an "absurd" result and would go against our admonition in *United States v. Rolande-Gabriel,* 938 F.2d 1231 (11th Cir.1991), that sentencing courts should not interpret guideline provisions in a "hyper-technical and mechanical" manner. The government counters that because Coeur entered a plea of guilty for being "found in" the United States, a crime which was not completed until the INS discovered him, the date of his re-entry is irrelevant and an enhancement under § 4A1.1(d) was proper because he was actually under a criminal justice sentence when he was found by the INS.

## III.

Section 1326(a) provides for the imprisonment of an alien who had previously been deported and who "enters, attempts to enter, or is at any time found in, the United States ..." 8 U.S.C. § 1326(a). In *United*

*States v. Canals-Jimenez,* 943 F.2d 1284, 1287 (11th Cir.1991), we held that "enters" must have a different meaning from being "found in." We concluded that the term "found in" refers to situations in which an alien is discovered in the United States after already having entered the country. *See id.* at 1288. In another case, we held that the crime of being "found in" the United States commences when the alien enters the United States and is not completed until the defendant's arrest. *See United States v. Castrillon-Gonzalez,* 77 F.3d 403, 406 (11th Cir.1996). Coeur entered a plea of guilty to a grand jury indictment charging him with being "found in" the United States on April 16, 1998. On that date, when he was found in this country, Coeur was serving another criminal justice sentence.

The guidelines provide for a two-point increase in the defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence...." U.S.S.G. § 4A1.1(d). This enhancement applies "if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence." U.S.S.G. § 4A1.1(d), commentary at n. 4. Because Coeur was in jail on the date he committed the offense of being "found in" the United States, it was proper for the district court to assess two criminal history points against Coeur under § 4A1.1(d).

Coeur's argument that his re-entry offense was committed when he first re-entered the United States ignores the specifics of the charge to which he pled guilty. We have held that when a defendant enters a plea of guilty to being "found in" the United States on a certain date, the issue of when the offense was committed is settled, and the defendant may not later dispute that date. *See United States v. Palacios-Casquete,* 55 F.3d 557, 559 (11th Cir.1995), *cert. denied,* 516 U.S. 1120, 116 S.Ct. 927, 133 L.Ed.2d 855 (1996). Thus, in light of his plea and our circuit law, Coeur committed the offense while he was under a criminal justice sentence and, therefore, § 4A1.1(d) is applicable.

While we have not previously issued a decision on whether § 4A1.1(d) is applicable to the § 1326 offense of being "found in" the United States, the Fifth Circuit has in a case factually similar to the present one. In *Santana-Castellano,* several years after being deported the defendant was arrested in the United

States for an offense for which he was later convicted and sentenced. *See* 74 F.3d at 595. While he was serving this sentence, the INS discovered that he had previously been deported, and as a result he was charged with violating 8 U.S.C. § 1326, an offense to which he later pled guilty. *See id.* at 595-96. At sentencing, the court assessed two criminal history points against the defendant pursuant to § 4A1.1(d) for having committed his offense while serving a state prison sentence. *See id.* at 596. On appeal, the Fifth Circuit held that because "a previously deported alien is 'found in' the United States when his physical presence is discovered and noted by the immigration authorities," the defendant committed the § 1326 offense on the date he was discovered while imprisoned for the state offense, and thus the district court did not err in applying § 4A1.1(d). *See id.* at 598. We agree with the reasoning and holding in *Santana-Castellano.*

IV.

AFFIRMED.