[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 8, 2005
THOMAS K. KAHN
CLERK

No. 05-10702
Non-Argument Calendar
_____

D. C. Docket No. 04-60263-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRES ONOFRE-BLANCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 8, 2005)

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Andres Onofre-Blanco, a Mexican national, appeals his 46-month sentence

he received for being an alien found in the United States after having been removed, in violation of 8 U.S.C. § 1326(a). After review, we affirm.

## I. BACKGROUND

The facts of this case are not in dispute. Onofre-Blanco was first convicted in 1999 of illegally transporting aliens. He was sentenced to 10 months' imprisonment and three years' supervised release. After serving his term of imprisonment, he was released and removed to Mexico on June 9, 2000.[1] His supervised release term expired on June 8, 2003.

Onofre-Blanco re-entered the United States illegally in March 2001. According to the indictment, Onofre-Blanco was found in the United States on September 16, 2004. On November 18, 2004, Onofre-Blanco pled guilty to one count of being an alien "found to be in the United States" without permission, and after being deported, in violation of 8 U.S.C. § 1326.

After Onofre-Blanco's guilty plea, the probation officer prepared a Presentence Investigation Report ("PSI") that calculated Onofre-Blanco's Sentencing Guidelines range to be 46-57 months' imprisonment. This range was based upon a base offense level of 21 and a criminal history category of III. In calculating the criminal history category, the probation officer assessed a two-point

---

[1]It appears from the PSI that Onofre-Blanco was removed to Mexico on the same day that he was released from prison.

increase, pursuant to U.S.S.G § 4A1.1(d), because the instant offense was committed in 2001, while Onofre-Blanco was on supervised release from June 9, 2000, to June 8, 2003. This two-point increase raised Ononfre-Blanco's criminal history category from II to III.[2]

At the January 27, 2005 sentencing hearing, Onofre-Blanco objected to the two-point assessment under U.S.S.G. § 4A1.1(d), arguing that the offense of being "found in" the United States was not completed until September 16, 2004, after his term of supervised release had expired. The district court rejected that argument and calculated Onofre-Blanco's Guidelines range as 46-57 months' imprisonment as stated in the PSI. The district court ultimately sentenced Onofre-Blanco to 46 months' imprisonment, three years of supervised release and a $100 "Special Assessment."[3] Onofre-Blanco timely appealed this sentence.

## II. DISCUSSION

Onofre-Blanco presses a single issue on appeal: whether the district court

---

[2]Onofre-Blanco was assigned two criminal history points for his 1999 conviction for illegally transporting aliens. See U.S.S.G. § 4A1.1(b). Two additional criminal history points were added because Onofre-Blanco committed the instant offense while on supervised release. See id. at § 4A1.1(d). Two criminal history points would place a defendant in criminal history category II, whereas four criminal history points place a defendant in criminal history category III. See id. at Ch. 5, pt. A.

[3]This sentencing hearing took place after the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Onofre-Blanco made arguments in the district court based on Booker, and the district court stated that it was applying the Guidelines in an advisory manner. Onofre-Blanco does not argue that there was any Booker error in this case.

erred in assessing two criminal history points under § 4A1.1(d) based upon the offense being committed while Onofre-Blanco was on supervised release. We conclude that there was no error.[4]

The relevant Guidelines provision states that two points should be added to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including . . . supervised release. . . ." U.S.S.G. § 4A1.1(d). The commentary to that Guideline section states that the section applies "if the defendant committed <u>any part of the instant offense (i.e., any relevant conduct)</u> while under any criminal justice sentence." <u>Id.</u>, cmt. n.4 (emphasis added).

Our decisions state that the crime of being "found in" the United States in violation of 8 U.S.C. § 1326 "commences when the alien enters the United States and is not completed until the defendant's arrest." <u>United States v. Coeur</u>, 196 F.3d 1344, 1346 (11th Cir. 1999); <u>United States v. Castrillon-Gonzalez</u>, 77 F.3d 403, 406 (11th Cir. 1996).

In this case, it is undisputed that Onofre-Blanco's supervised release expired

---

[4]With respect to the Sentencing Guidelines, we review the district court's findings of fact for clear error, and conclusions of law <u>de novo</u>. <u>United States v. Crawford</u>, 407 F.3d 1174, 1177-78 (11th Cir. 2005). In addition, even after the Supreme Court's decision in <u>Booker</u>, this Court still must review the district court's Guidelines calculations to determine if the district court properly considered the Guidelines as required under <u>Booker</u>. <u>See</u> <u>id.</u> at 1178.

on June 8, 2003, and that Onofre-Blanco entered the United States and began living here illegally in March of 2001. Thus, Onofre-Blanco's crime "commenced" while he was on supervised release. Because U.S.S.G. § 4A1.1(d) applies if "any part" of the offense occurs while the defendant is on supervised release, the district court did not err in assessing the two criminal history points in issue. Accordingly, we affirm Onofre-Blanco's 46-month sentence.

**AFFIRMED.**