**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

HUGO ARMANDO LOMELI-MENCES,
            *Defendant-Appellant.*

No. 07-50452

D.C. No.
CR-07-00075-SGL

OPINION

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Argued and Submitted
February 3, 2009—Pasadena, California

Filed May 28, 2009

Before: Harry Pregerson, Susan P. Graber, and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Graber

## COUNSEL

Robison D. Harley, Jr., Santa Ana, California, for the defendant-appellant.

Jerry A. Behnke, Assistant United States Attorney, Riverside, California, for the plaintiff-appellee.

## OPINION

GRABER, Circuit Judge:

Defendant Hugo Armando Lomeli-Mences pleaded guilty to entering the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, he raises two arguments challenging the district court's calculation of his sentence under the United States Sentencing Guidelines ("U.S.S.G."): (1) the district court abused its dis-

cretion in finding that his prior convictions for false imprisonment and false personation were not "related" for purposes of calculating his criminal history score; and (2) the district court erred in assessing criminal history points for those two offenses, because Defendant was sentenced for them after he committed the instant offense.[1] We disagree with both contentions and affirm.

## FACTUAL AND PROCEDURAL HISTORY

Defendant is a citizen of Mexico. On June 24, 1997, he was convicted in a California state court of unlawful sexual intercourse, in violation of California Penal Code section 261.5. In 1998, Defendant was lawfully deported and removed from the United States. In September 1999, he reentered the United States without authorization.

According to the Presentence Report, on April 16, 2000, Defendant harassed his ex-girlfriend over the phone, sexually assaulted her, and then attempted to bribe her not to testify against him. Six years later, on August 5, 2006, police officers recognized Defendant as the subject of a felony warrant relating to the 2000 incident with his ex-girlfriend. When the officers confronted Defendant, he provided a false name and fraudulent identification. The officers arrested him both for false imprisonment of the ex-girlfriend in 2000 and for "false personation," that is, presenting fake identification.

On August 6, 2006, federal immigration authorities placed a detainer against Defendant under the wrong name, Juan Jose Meneces. The detainer document notified state officials that federal immigration authorities had initiated an "investigation" to determine whether Defendant was subject to removal from the country.

---

[1]Defendant also raised a third argument regarding calculation of the criminal history score but expressly withdrew that issue at oral argument. We therefore do not reach it.

On September 22, 2006, Defendant was sentenced in state court for the false imprisonment and false personation charges. Those two offenses were listed separately in the Santa Barbara County Superior Court's docket. They were never formally consolidated into one case for sentencing, but the sentencing occurred on the same day in the same court. The state court sentenced Defendant to 16 months in prison for each offense, to run concurrently. He began serving his sentence immediately.

On May 23, 2007, the government filed an information in the Central District of California, charging Defendant with being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). On June 25, 2007, Defendant pleaded guilty to the single-count information. In exchange for the guilty plea, the government agreed to stipulate to a four-level, early-disposition downward departure. The parties further agreed to a sentence of imprisonment at the low end of the Sentencing Guidelines range, with the criminal history category to be calculated by the district court. The plea agreement provided that immigration authorities found Defendant in San Bernardino County, California, on or about April 23, 2007.

Before sentencing, Defendant made three objections to the Presentence Report's criminal history calculation, only two of which are relevant here. First, he argued that his 2006 false imprisonment and false personation convictions were related and, therefore, the district court should assess only three criminal history points for both offenses together, rather than three for each offense. Second, he argued that the district court incorrectly assessed three criminal history points pursuant to U.S.S.G. section 4A1.1(d) and (e), which allow for additions if the defendant committed the instant offense while under any criminal justice sentence or while imprisoned on such a sentence. Defendant claimed that he committed the instant offense on August 6, 2006, the date on which immigration authorities lodged the detainer against him. Because he was

not sentenced on the false imprisonment and false imperson-ation charges until September 2006, he argues, he was neither under a criminal justice sentence nor imprisoned for those offenses when he committed the instant offense.

The district court rejected Defendant's contentions. Although acknowledging that the concurrent sentence weighed in favor of finding that the false personation and false imprisonment offenses were related, the court ruled that the two crimes were unrelated because they were factually and temporally distinct from one another. As a result, the court assessed three criminal history points for each offense, for a total of six points. The court also held that Defendant had admitted to being "found in" the United States on April 23, 2007, as that was the date to which he admitted in the plea agreement. On April 23, 2007, he was imprisoned and under a criminal justice sentence for the state offenses, so the dis-trict court assessed three additional criminal history points. The Guidelines range was 46-57 months, and the court sen-tenced Defendant to 46 months' incarceration followed by a three-year period of supervised release. Defendant timely appeals. We have jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

### A. *Related Offenses*

[1] We review "with due deference" the district court's determination that two crimes were not related or consoli-dated for sentencing. *Buford v. United States*, 532 U.S. 59, 64-66 (2001); *United States v. Asberry*, 394 F.3d 712, 718 n.8 (9th Cir. 2005).

[2] U.S.S.G. section 4A1.1(a) authorizes the district court to add three points for each prior sentence of imprisonment exceeding one year and one month. U.S.S.G. sec-tion 4A1.2(a)(1) defines "prior sentence" as "any sentence previously imposed upon adjudication of guilt . . . for conduct

not part of the instant offense." U.S.S.G. section 4A1.2(a)(2) provides the rules for determining whether two offenses are related—that is, whether they should be counted separately or together. When Defendant was sentenced on October 1, 2007, application note 3 to section 4A1.2 read, in relevant part:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing. The court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public.

U.S.S.G. § 4A1.2 cmt. n.3 (2006).[2] Note 3 provided a two-step approach for determining whether prior sentences are related. *Asberry*, 394 F.3d at 719. First, if an intervening arrest separated the offenses, they are unrelated and the inquiry is over. *Id.* If there is no intervening arrest, offenses are considered related if they (a) occurred on the same occasion; (b) were part of a single common scheme or plan; or (c) were consolidated for trial or sentencing. *Id.*

No intervening arrest separated the false imprisonment and

---

[2]A new version of U.S.S.G. section 4A1.2, effective November 1, 2007, changed the "related cases" inquiry. Under the new version, the two prior offenses here would be considered "related." But we have held that this amendment effected a substantive change to the Guidelines, which does not apply retroactively. *United States v. Marler*, 527 F.3d 874, 877 n.1 (9th Cir.), *cert. denied*, 129 S. Ct. 427 (2008).

false personation offenses. Defendant concedes that the offenses neither occurred on the same occasion nor were part of a common scheme or plan. He argues, however, that the offenses were consolidated for sentencing and should, therefore, be treated as related offenses.

*Asberry* provides that in determining whether convictions were consolidated for trial or sentencing, we must consider whether the sentencing occurred: (1) on the same day; (2) in the same court; (3) for the same or similar offenses; (4) pursuant to a single plea agreement; (5) under the same docket number; (6) after a formal consolidation order; and (7) under circumstances that resulted in concurrent sentences. *Id.* In *Asberry*, we upheld the district court's determination that the offenses of delivery of marijuana for consideration and third-degree rape were not "related" for the purpose of sentencing, even though the defendant was sentenced for both offenses in the same court, on the same day, pursuant to the same plea agreement. *Id.* at 719-20. In holding that the district court did not err in assessing criminal history points for each offense, we found several facts persuasive: the offenses were not similar in nature, the sentencing court used two different docket numbers for the offenses, the sentencing court did not issue a formal consolidation order, and the court imposed consecutive sentences. *Id.*

**[3]** Similarly, here, the *Asberry* factors weigh in favor of holding that the offenses were not related. The offenses were neither factually nor temporally related. The false imprisonment conviction related to sexual battery of Defendant's ex-girlfriend in 2000, while the false personation conviction related to presenting fraudulent identification to police six years later. Although Defendant's counsel hypothesized that Defendant presented false identification to the police because he knew that he was wanted by the authorities for battery of his ex-girlfriend, no evidence in the record supports that assertion. Moreover, the sentencing court treated the offenses

as separate cases, as it assigned them separate docket numbers and never issued a formal consolidation order.

**[4]** We recognize that the imposition of concurrent sentences by the same court on the same day weighs in Defendant's favor. But the Guidelines' ultimate goal is to find "a sentence that accurately reflects both the seriousness of the underlying federal offense and the extent and nature of the defendant's criminal past." *Asberry*, 394 F.3d at 719. Treating the 2000 and 2006 offenses as a single offense risks underrepresenting Defendant's serious criminal history. We are satisfied that the district court weighed all of the appropriate factors and reached a conclusion that comports with *Asberry*. Additionally, the district court's conclusion must be afforded due deference because of district judges' "special competence" in deciding whether a particular set of circumstances demonstrates relatedness. *Buford*, 532 U.S. at 64. As a result, we affirm the district court's determination that Defendant's prior convictions are unrelated and, therefore, uphold the imposition of six criminal history points for these crimes.

## B.   *Date of the Instant Offense*

We now turn to Defendant's second argument: that he violated 8 U.S.C. § 1326 on August 6, 2006, when immigration authorities placed a detainer on him, rather than on April 23, 2007, the date stated in the plea agreement. On August 6, 2006, he had not yet been sentenced for the false imprisonment and false personation crimes. Therefore, he argues, he could not have committed the § 1326 violation while under a criminal justice sentence for the state offenses. Reasoning from that premise, Defendant asserts that the district court erred in assessing three criminal history points for committing the offense while under another criminal justice sentence. U.S.S.G. § 4A1.1(d), (e).

We review for clear error the district court's factual findings. *United States v. Lambert*, 498 F.3d 963, 966 (9th Cir.

2007). This court has noted an intracircuit split on the proper standard of review of the application of the Sentencing Guidelines to the facts. *United States v. Rivera*, 527 F.3d 891, 908 (9th Cir.), *cert. denied*, 129 S. Ct. 654 (2008); *compare Lambert*, 498 F.3d at 966 (abuse of discretion standard of review), and *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005) (same), *with United States v. Williamson*, 439 F.3d 1125, 1137 n.12 (9th Cir. 2006) (de novo standard of review). As in *Rivera*, however, our decision would be the same under either standard of review, and we do not consider the conflict here.

**[5]** A violation of § 1326 is a continuing offense that ends when a deported alien is "found in" the United States by immigration authorities. *United States v. Hernandez*, 189 F.3d 785, 789 (9th Cir. 1999); *United States v. Guzman-Bruno*, 27 F.3d 420, 423 (9th Cir. 1994). Here, the information charged Defendant with committing the offense "on or about April 23, 2007." Defendant admitted in his written plea agreement, and orally during the change of plea proceeding, that immigration authorities "found" him in the United States on or about April 23, 2007. Yet, despite those admissions, Defendant urges us to find that he was found in the country on a much earlier date, August 6, 2006, because that was when immigration officials placed a detainer on him.

**[6]** We have not yet addressed the binding force of a date admitted to in a plea agreement for a § 1326 offense, but our sister circuits have. This is a question of law, which we review de novo. In *United States v. Coeur*, 196 F.3d 1344 (11th Cir. 1999) (per curiam), the Eleventh Circuit faced a factual situation very similar to ours. The defendant there argued, as here, that "the district court improperly increased his criminal history points under U.S.S.G. § 4A1.1(d) after concluding that he committed the § 1326(a) crime while serving another sentence." *Coeur*, 196 F.3d at 1345. The defendant disputed that he was "found in" the United States on the date to which he had agreed in his plea agreement. *Id.* at

1346; *see also United States v. Rosales-Garay*, 283 F.3d 1200, 1203 (10th Cir. 2002) (adopting *Coeur*'s rule). The Eleventh Circuit held, relying on its own precedent, that "when a defendant enters a plea of guilty to being 'found in' the United States on a certain date, the issue of when the offense was committed is settled, and the defendant may not later dispute that date." *Id.* at 1346. The Second Circuit applied a similar rule in *United States v. Whittaker*, 999 F.2d 38 (2d Cir. 1993). There, the court held that the defendant's guilty plea to an information alleging that the defendant entered and was found in the United States "between October 1991 and April 8, 1992," established April 8, 1992, as the operative offense conclusion date. *Id.* at 41.

**[7]** We agree with our sister circuits. A guilty plea and the "ensuing conviction comprehend all of the factual and legal elements necessary to sustain a *binding*, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989) (emphasis added). When a defendant admits, in an enforceable plea agreement for a violation of 8 U.S.C. § 1326, to having been found in the United States on a specific date, that admission is binding as to the offense date, and the defendant may not later dispute its validity.

**[8]** In summary, having admitted to the April 23, 2007, date in both his written plea agreement and oral change of plea proceedings, Defendant cannot now argue that he was "found in" the United States on a different date. Defendant did not challenge the April 23, 2007, date at the plea agreement stage; by signing the plea agreement, he waived his objections and became bound by the facts recited therein.[3] As of that date, he

---

[3]Defendant raised a second challenge to the April 23, 2007, date at oral argument, asserting that the phrase "on or about" is imprecise and could have meant a much earlier date. Defendant waived this argument by mentioning it for the first time at oral argument. *Butler v. Curry*, 528 F.3d 624, 642 (9th Cir.), *cert. denied*, 129 S. Ct. 767 (2008). In any case, the argument is not well-taken. *Cf. United States v. Casterline*, 103 F.3d 76, 78 (9th Cir. 1996) (holding that a date seven months earlier than the date alleged in the indictment was too remote to be considered "on or about" that date).

was under a criminal justice sentence for the 2006 offenses, so the three-point increase under U.S.S.G. section 4A1.2(d) and (e) was warranted. The matter is remanded to the district court with instructions to correct the judgment of conviction to exclude the reference to 8 U.S.C. § 1326(b)(2). *See United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000) (holding that, when a defendant is "indicted, convicted and sentenced for one crime, in a single count, and not in separate counts pursuant to § 1326(a) and § 1326(b)(2)," but the judgment references both subsections, the matter should be remanded to correct the judgment to exclude the reference to § 1326(b)(2)).

AFFIRMED and REMANDED.