**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4893**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEX SOPON-LEON, a/k/a Alex Lopez, a/k/a Jesus Lopez,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:07-cr-00223-FDW-1)

Submitted: May 6, 2009          Decided: June 12, 2009

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Peter Adolf, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a guilty plea, Alex Sopon-Leon was convicted of illegally reentering and being found in the United States, in violation of 8 U.S.C. § 1326 (2006). The district court sentenced Sopon-Leon to a total of fifty-seven months' imprisonment. Sopon-Leon appeals his sentence, contending that the district court incorrectly calculated his guideline sentencing range by adding two points to his criminal history based on the timing of his offense, pursuant to U.S. Sentencing Guidelines Manual § 4A1.1(d) (2007). Finding no error, we affirm.

In sentencing a defendant, a district court must first properly calculate the guideline range. Gall v. United States, 128 S. Ct. 586, 596 (2007). "In assessing a challenge to a sentencing court's application of the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

The Sentencing Guidelines provide that in calculating the defendant's criminal history category, "[a]dd **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(d). Because Sopon-Leon's offense was

illegally reentering and being found in the United States, the district court concluded USSG § 4A1.1(d) applied because he was serving a state prison sentence when immigration authorities found him.

Sopon-Leon concedes that he was serving a state sentence when an Immigration and Customs Enforcement (ICE) agent learned that he had illegally reentered the United States and was thus "found" for purposes of 8 U.S.C. § 1326. See, e.g., United States v. Sosa-Carabantes, __ F.3d __ (4th Cir. Apr. 1, 2009) (No. 08-4109) (explaining that the defendant was found when the ICE agent had knowledge of his illegal reentry). Under these circumstances, the authorities are unanimous USSG § 4A1.1(d) requires assessment of two additional criminal history points. United States v. Coeur, 196 F.3d 1344, 1346 (11th Cir. 1999); United States v. Santana-Castellano, 74 F.3d 593, 598 (5th Cir. 1996); see also Sosa-Carabantes, __ F.3d at __ (noting whether or not USSG § 4A1.1(e)'s sentencing enhancement applied depended on whether ICE found the defendant before or after he was sentenced); United States v. Figuereo, 404 F.3d 537, 541 (1st Cir. 2005) (holding the district court did not plainly err by applying USSG § 4A1.1(d) to a defendant found in the United States while imprisoned).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED